**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANTONIO R. DOTSON,

        **Plaintiff,**

    v.

JEFFREY B. THATCHER, *et al.*,

        **Defendants.**

        **Civil Action 1:25-cv-897**
        **Judge Douglas R. Cole**
        **Magistrate Judge Chelsey M. Vascura**

**REPORT AND RECOMMENDATION**

Plaintiff, Antonio R. Dotson, filed his Amended Complaint against Defendants, Jeffrey B. Thatcher and Brittany O. Nichole, on January 8, 2026. (ECF No. 4.) The Court screened Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915 and 1915A on February 2, 2026, and concluded that Plaintiff may proceed on his claims against both Defendants. (ECF No. 5.) On June 3, 2026, the Court ordered Plaintiff to show cause within fourteen days why this action should not be dismissed without prejudice for failure to timely effect service of process over Defendants. (ECF No. 6.) To date, the only further activity on the docket is that the Court's June 3, 2026 Show Cause Order was returned in the mail as undeliverable to Plaintiff. (ECF No. 7.)

Because Plaintiff has not responded to the Show Cause Order or effected service of process over Defendants, the undersigned recommends dismissal of this action without prejudice under Federal Rule of Civil Procedure 4(m) for failure to timely effect service of process. This recommendation stands even though the Court's Show Cause Order was returned in the mail as undeliverable to the address Plaintiff provided when commencing this action.(*See* ECF No. 7.)

Plaintiff has an affirmative duty to notify the Court of any change in address.  *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."). Plaintiff's failure to provide an updated mailing address suggests he has abandoned his claims.

It is therefore **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** to Federal Rule of Civil Procedure 4(m) for failure to timely effect service of process.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

3